## Hansel *against* Spoul.

The notice required by the act of the 21st of March 1772 to be given to a justice of the peace before he can be sued must state the plaintiff's cause of action with reasonable precision; and such notice is not bad because it states causes in language which might indicate an alternative.

ERROR to the common pleas of *Northumberland* county.

Henry Spoul against William Hansel, Esq. Action on the case against the defendant as a justice of the peace for refusing an appeal, &c.

The plaintiff offered in evidence, to maintain his action, the following notice which had been served upon the defendant in pursuance of the act of the 21st of March 1772.

"WILLIAM HANSEL, ESQ.

"Sir,—You will take notice, that if you do not tender sufficient amends within thirty days from the date hereof, I will bring my action or actions against you in the court of common pleas of Northumberland county, in the following cases, viz., that you issued a *capias* against me, in favour of John Clayton, after night, directed to Jacob Kline, constable, of Chilisquaque township, Northumberland county, and had me arrested at a late hour of the night, and proceeded immediately to give judgment against me without any evidence except the oath of John Clayton the plaintiff, and refused to grant me time to procure bail or witnesses, or make preparation for defence, although I stated I had a good claim against plaintiff's demand; and also after giving judgment you refused to enter an appeal from said judgment, or enter special bail for the stay of execution, and take good bail for said appeal or stay of execution which was there offered, but oppressively and illegally issued execution forthwith; and the next day after execution was issued you refused to enter special bail for stay of execution, or an appeal and stay of execution, although good and sufficient bail was then offered, both on that day and several days after. By reason of all which illegal and oppressive conduct of yours, I have sustained material injury and damage."

This evidence was objected to on the ground that it did not state the plaintiff's cause of action with sufficient precision and certainty.

The court below (Lewis, President) overruled the objection and sealed a bill of exception.

VII.—2 A

[Hansel v. Spoul.]

*Jordan* and *Donnel,* for the plaintiff in error, cited, 3 *Watts* 144; 10 *Serg. & Rawle* 376; 4 *Binn.* 20; 6 *Binn.* 83; 3 *Watts* 147.

*Miller* and *Greenough,* for the defendant in error, cited, 6 *Binn.* 84; 12 *Serg. & Rawle* 148.

The opinion of the Court was delivered by

KENNEDY, J.—This being an action brought in the court below against the plaintiff in error, for and on account of his acts as a justice of the peace, affecting the rights of the defendant in error, it became necessary, under the act of the 21st of March 1772, that the latter should deliver to the former a notice in writing, thirty days at least previously to his commencing his action therefor, of his intention to do so, containing a clear and explicit statement of his cause of action.  A notice was given by the plaintiff below, drawn, as he conceived, in conformity to the act, but objected to, on the trial of the cause in the court below, by the defendant there, as being insufficient and containing no definite and precise cause of action.  The court, however, overruled the objection; and the defendant excepted to the opinion of the court thus given, which is the only matter assigned for error.  The question then is, whether the cause of action, or more properly, whether a good cause of action, being the same for which this action is brought, be clearly and explicitly set forth in the notice.  Although, by the express requirement of the act, the *cause of action* must be *clearly* and *explicitly* stated in the notice, yet it is not required that it should be set out with the same technicality and form that may be necessary in a declaration.  It is enough if the notice inform the defendant substantially of the cause of action and what it is founded on.  Miller *v.* Smith, 12 *Serg. & Rawle* 148.  So it is sufficient if the cause of action for which the suit is afterwards brought be set forth with sufficient certainty, though it contain other causes of action not clearly and explicitly described.  Little *v.* Toland, 6 *Binn.* 85.  So, upon the same principle, if a notice contain a good cause of action *clearly* and *explicitly* set forth, though it contain many other matters not actionable, as may be the case here, and all be laid in the declaration, the bad will not destroy the good.  *Utile per inutile non vitiatur.*  The great objection, however, to the notice here is, that it is not positively certain; and, as is alleged, only states the cause of complaint against the defendant in the alternative, thus: "after giving judgment, you refused to enter an appeal from said judgment (meaning the judgment therein before mentioned as improperly rendered by the defendant as a justice of the peace against the plaintiff), or enter special bail for the stay of execution, and take good bail for said appeal or stay of execution, which was then offered, but oppressively and illegally issued execution forthwith."  It is insisted on, that this notice only contains an allegation that the defendant did one or other of those things men-

[Hansel v. Spoul.]

tioned in it, but which of them is not certainly and distinctly shown and averred. We, however, do not read it so. We think that it very clearly and plainly imports, that the plaintiff here offered to appeal from the judgment rendered against him by the defendant, and offered at the same time good bail for the prosecution thereof; but the defendant oppressively and illegally refused to enter the appeal and take the bail: and again that, after the defendant had so refused to allow the plaintiff to appeal, the latter then offered good bail in order to procure the stay of execution, provided by the act of assembly in such case, but the defendant also oppressively and illegally refused to take the bail offered by the plaintiff for this purpose. Putting then this construction upon the notice, which we conceive to be the true, as well as the clear and explicit import of it, no question can be made of its containing a good cause of action; for if true, the defendant, acting in his official capacity, as a justice of the peace, did *oppressively* and *illegally* deprive the plaintiff here of a right and privilege expressly secured to him by the positive provisions of the act of assembly giving jurisdiction to the defendant, as a justice of the peace, over the matter then in controversy between the parties before him. The notice was clearly sufficient to apprize the defendant of the cause of action, which the plaintiff afterwards brought his suit for in the court below; and, if true or well founded, was also sufficiently explicit to enable him to form a correct estimate of the amount of amends which he ought to tender within the thirty days allowed him by the act for that purpose, after the receipt of the notice, which would seem to have been the principal, if not the only object the legislature had in view in directing such notice to be given.

Judgment affirmed.